## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | : | |
| OF LONGSHORE SAILING SCHOOL, | : | |
| INC., AS OWNER OF ONE HOBIE CAT | : | |
| GETAWAY CATAMARAN (H.I.N. | : | 3:09-cv-1176 (CFD) |
| CCMN1981A505), FOR EXONERATION | : | |
| FROM OR LIMITATION OF LIABILITY | : | |
| | : | |
| | : | |
| MICHAEL VITALE, as Executor of the | : | |
| Estate of ALEXANDRA VITALE, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | 3:09-cv-1132 (CFD) |
| | : | |
| LONGSHORE SAILING SCHOOL, INC., | : | |
| & KATHERINE DURIE, | : | |
| Defendants. | : | |

## RULING ON MOTION TO STAY, MOTION TO LIFT INJUNCTION, MOTION TO REMAND, AND MOTION FOR SECURITY FOR COSTS

On June 26, 2009, Michael Vitale ("Vitale") filed suit in the Connecticut Superior Court against Longshore Sailing School, Inc. ("Longshore") and Katherine Durie ("Durie") for negligence in connection with the drowning death of his 3-year-old daughter Alexandra Vitale ("Vitale Action"). Longshore removed the Vitale Action to this Court. Subsequently, on July 24, 2009, Longshore filed a complaint with this Court for "exoneration from or limitation of liability" ("Limitation Action"). Vitale now moves to remand the Vitale Action to state court claiming that there is no federal jurisdiction. He also moves to dissolve the restraining order issued by this Court on August 27, 2009 in the Limitation Action, and to stay the Limitation

-1-

Action pending resolution of the Vitale Action.  Finally, Longshore moves to provide the Court with security for costs in an amount not to exceed $6000.  For the reasons that follow, all of these motions are granted.

## I.   Background[1]

On August 26, 2008, Alexandra Vitale and two other children went on a sailing lesson in the Long Island Sound with Longshore.  The sailing lesson was taught by Durie, an allegedly uncertified sailing instructor employed by Longshore.  The lesson took place on a Hobie Cat Getaway catamaran owned by Longshore.  While sailing back from Cockenoe Island, the catamaran capsized.  Alexandra was knocked from the catamaran and thrown into the water. Following the capsizing, Durie allegedly remained with the catamaran for approximately 20 minutes while Alexandra floated about 200 yards away.  After 20 minutes, the capsized boat was discovered by a boater who radioed for help.  When the Westport Police arrived at the scene they found Alexandra face down in the water.  She was taken to the hospital where she was pronounced dead of drowning.

## II.   Discussion

### A.   Limitation of Liability

On July 24, 2009, Longshore filed a complaint for exoneration from or limitation of liability pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 et seq., and Supplemental Rule F for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.  This statute provides that, under certain circumstances, the owner of a vessel is entitled to limit his liability for damage or injury occurring on the vessel to the value of the vessel.  See 46 U.S.C. §

---

[1] The following allegations are taken from Vitale's complaint.

30505.  To determine if limitation of liability is appropriate, the owner of the vessel must bring a

civil action in federal district court for limitation of liability within six months after a claimant

gives the owner written notice of a claim.  Id. § 30511(a); Fed. R. Civ. P. Supp. R. F(1).  The

limitation of liability complaint must state the facts on which the right to limitation is asserted, as

well as any facts that the court would need to determine the amount of limited liability.  Fed. R.

Civ. P. Supp. R. F(2).  Upon bringing the limitation action, the owner, at the owner's option,

must either deposit with the court or transfer to a court-appointed trustee an amount equal to the

owner's interest in the vessel and an amount fixed by the court. 46 U.S.C. § 30511(b).[2]  Once the

owner has brought the limitation action and complied with subsection (b), all claims and

proceedings against the owner related to the matter in question must cease.  Id. § 30511(c).

        Thereafter, the court must issue notice to all persons asserting claims with respect to

which the complaint seeks limitation.  Fed. R. Civ. P. Supp. R. F(4).  The claimants are required

to file any claims against the vessel owner in the limitation action.  In re Petition of Atlantis

Fishing Fleet Corp., No. CV-01-8263 (SJF)(ASC), 2004 WL 3704912, at *2 (E.D.N.Y. Mar. 22,

2004).[3]  Then the federal court, sitting in admiralty without a jury, conducts a proceeding known

as a *concursus*.  Id.  During this proceeding the court determines whether there was negligence,

whether the negligence was without the privity and knowledge of the owner and, if limitation is

granted, how the limitation fund should be disbursed.  Complaint of Dammers & Vanderheide &

_____

        [2] Longshore has filed a motion for security for costs in which it agrees to deposit
with the Court a sum not to exceed $6000.

        [3] On August 28, 2009, this Court issued an order directing the issuance of notice,
enjoining other suits, and directing the filing of claims.  In response, Michael Vitale and
Katherine Durie filed claims.

Scheepvaart Maats Christina B.V._, 836 F.2d 750, 755 (2d Cir. 1988).  Limitation of liability is

only appropriate if the injury was "done, occasioned, or incurred, without the privity or

knowledge of the owner."  46 U.S.C. § 30505(b).

      The provisions of the Limitation Act are in some tension with what is known as the

"saving to suitors" clause.  See 28 U.S.C. § 1333(1).  This statute states that the "district courts

shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of

admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they*

*are otherwise entitled*."  Id. (emphasis added).  This statute thereby grants state courts *in*

*personam* jurisdiction, concurrent with admiralty courts.  Lewis v. Lewis & Clark Marine, Inc._,

531 U.S. 438, 445 (2001).  Thus, tension exists because the "saving to suitors" clause gives

claimants the right to a choice of remedies, while the Limitation Act gives vessel owners the

right to seek limitation of liability in federal court.  Id. at 448.  Therefore, by exercising its

equitable powers in claims for limited liability, the federal district court necessarily denies the

claimants their right to pursue common law claims before a jury in state court.  See Dammers,

846 F.2d at 755.

      In recognition of this tension, the courts have noted that although "the primary purpose of

the Limitation Act is to limit shipowners' liability for maritime accidents that occur without their

privity or knowledge," In re Ill. Marine Towing, Inc._, 498 F.3d 645, 652 (7th Cir. 2007) (internal

quotations omitted), the right to limit liability is not "boundless."  Lake Tankers Corp. v. Henn,

354 U.S. 147, 152 (1957).  Traditionally courts have stayed the limitation action and allowed

separate state court proceedings to continue under two circumstances: first, where there is a

single claimant in the limitation action, and second, where the total claims do not exceed the

value of the limitation fund.  <u>Lewis</u>, 531 U.S. at 451.

These exceptions, however, are no longer rigid; rather, the current trend is to stay the limitation action and allow the state court action to proceed if the vessel owner's right to seek limitation is adequately protected.  See <u>id.</u> at 454 ("But where, as here, the District Court satisfies itself that a vessel owner's right to seek limitation will be protected, the decision to dissolve the injunction is well within the court's discretion.").  Many courts have found the vessel owner's right to seek limitation of liability adequately protected when the claimants enter into specific stipulations.  <u>See, e.g.</u>, <u>In re Ill. Marine Towing, Inc.</u>, 498 F.3d 645 (7th Cir. 2007) (adequate protection where stipulations allowed district court to retain jurisdiction over all limitation issues, claimants waived potential claims of res judicata, claimants conceded not to seek liability beyond the fund if the district court determined liability was appropriate, and agreed to seek only their pro rata shares in such a case); <u>In re Tetra Applied Techs.</u>, 362 F.3d 338 (5th Cir. 2004) (noting that if the claimants stipulate that the federal court has exclusive jurisdiction over the limitation of liability proceeding and that they will not seek to enforce a greater damage award until the limitation action has been heard by the federal court, the claimants may proceed in state court); <u>In re Complaint of Ross Island Sand & Gravel</u>, 226 F.3d 1015, 1017 (9th Cir. 2000) (holding that before a district court dissolves its injunction, a claimant must stipulate that the value of the limitation fund equals the combined value of the vessel and its cargo, waive the right to claim res judicata, and concede the district court's exclusive jurisdiction to determine limitation of liability issues); <u>Dammers</u>, 836 F.2d at 756, 758–59 (stipulations adequately protect vessel owner where it is agreed that owner had right to litigate all issues relating to limitation of liability in federal court, claimants waived any claim of res judicata, prioritized their claims, and

stated that neither their claim against the vessel owner nor against any third party who the vessel owner may be required to indemnify would exceed the amount stipulated in the fund).

Here, the Court is faced with a "multiple-claims-inadequate-fund" situation. Vitale seeks damages well in excess of the value of the vessel in his suit against Longshore and Durie. In addition, Durie seeks compensation from Longshore for her physical, psychological and emotional injuries, as well as indemnity for all costs and liability, if any, assessed against her. Thus, there are multiple claims and the limitation fund would be inadequate. In situations such as these, in addition to requiring the stipulations noted above, courts have also required the claimants to stipulate that *if* they receive a judgment in state court and *if* the district court determines that limitation of liability is appropriate, *then* the claimants will not seek to enforce a judgment in excess of the limitation fund or in excess of their pro rata share. See Dammers, 836 F.2d at 756, 758–59 ; see also Beiswenger Enters. Corp. v. Carletta, 86 F.3d 1032, 1043–44 (11th Cir. 1996); In re Ingram Barge Co., 419 F. Supp. 2d 885, 889–90 (S.D.W.Va. 2006).

Here, the parties have supplied the court with five stipulations:

STIPULATION NO. 1: That claimants, Michael Vitale and Katherine Durie, concede and agree that the United States District Court for the District of Connecticut has exclusive jurisdiction over all limitation of liability issues which arose from the drowning death of Alexandra Vitale in a sailboat accident on August 26, 2008 in Long Island Sound, and Katherine Durie's concomitant claim(s) arising from said incident, and that plaintiff Longshore Sailing School, Inc., is entitled and has the right to litigate all issues relating to limitation of liability pursuant to the provisions of 46 U.S.C. § 30501, et seq.

STIPULATION NO. 2: That claimants, Michael Vitale and Katherine Durie, concede

and agree to waive any claim(s) of res judicata pertaining to the issue of limited liability based on

any judgment obtained in state court or other proceeding based on the drowning death of

Alexandra Vitale in a sailboat accident on August 26, 2008 in Long Island Sound, and Katherine

Durie's concomitant claim(s) arising from said incident.

STIPULATION NO. 3: That claimants, Michael Vitale and Katherine Durie, concede and

agree that the United States District Court for the District of Connecticut has exclusive

jurisdiction to determine the value of the limitation fund, and so long as said claimants, jointly or

individually, have had an opportunity to obtain an independent appraisal or related evaluation,

claimants will stipulate to the value of the limitation fund as determined by said court.

STIPULATION NO. 4: The claimants, Michael Vitale and Katherine Durie, concede and

agree that should a judgment be obtained in any state court or other proceeding on behalf of one

or both of the claimants, and should the United States District Court for the District of

Connecticut determine that limitation of liability is appropriate, the claimants Michael Vitale and

Katherine Durie will seek only their respective pro rata share(s) of the limitation fund as

measured by the respective proportions of any judgment(s) obtained in any state court or other

proceeding.

STIPULATION NO. 5: The claimants, Michael Vitale and Katherine Durie, concede and

agree that should a judgment be obtained on behalf of one or both claimants in any state court or

other proceeding against plaintiff and/or any other liable parties who may cross-claim or claim

over against the plaintiff, and if the United States District Court for the District of Connecticut

determines that limitation of liability is appropriate and establishes a limitation fund, and said

judgment(s) is/are in excess of the value of said limitation fund, in no event will claimants

Michael Vitale or Katherine Durie seek to enforce said excess judgment(s) insofar as same may expose the plaintiff to liability in excess of the limitation fund.

(See Limitation Action Dkt. # 40, Notice of Filing of Executed Stipulations.)

The parties further note that these stipulations are entered into for the purpose of dissolving the injunction against the Vitale Action, to allow for remand of that claim, and to stay Longshore's Limitation Action pending the outcome of the Vitale Action.  These stipulations are agreed upon by all of the parties and compare favorably with stipulations approved by other courts.  Additionally, the Court finds that these stipulations adequately protect Longshore's right to seek limitation of liability.  Therefore, the motion to stay the Limitation Action is granted and the injunction against the Vitale Action is lifted.

B.      Motion to Remand

Vitale also filed a motion to remand the Vitale Action to state court, asserting that there is no basis for removal under either federal question jurisdiction or diversity jurisdiction.  "Courts have consistently interpreted the 'saving clause' to preclude removal of maritime actions brought in state court and invoking a state law remedy, provided there is no independent federal basis for removal, such as diversity jurisdiction."  In re Chimenti, 79 F.3d 534, 537 (6th Cir. 1996).  This approach received apparent approval by the Supreme Court in Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 455 (2001), when the Court noted that it had previously refused to hold that admiralty claims fall within the scope of federal question jurisdiction, out of concern that saving to suitors actions in state court would be removed, thereby undermining the plaintiff's choice of forum.  See Suissa v. Am. Export Lines, Inc., 507 F.2d 1343, 1346 n.7 (2d Cir. 1974); see also Oklahoma ex rel. Edmondson v. Magnolia Marine Transp. Co., 359 F.3d 1237, 1240–41(10th

-8-

Cir. 2004) (the "saving clause" precludes removal provided there is no independent basis for removing).

Here, Longshore and Durie removed the Vitale Action to federal court on the basis of diversity of citizenship and the admiralty jurisdiction of 28 U.S.C. § 1333. As noted above, however, the "saving to suitors" clause of § 1333(1) prevents removal absent an independent basis of federal jurisdiction. Here, no such independent basis exists. Although there is diversity of citizenship here, under 28 U.S.C. § 1441(b), the action is not removable because both Longshore and Durie are citizens of Connecticut, the state in which the action is brought. Additionally, there is no independent federal question jurisdiction here. Therefore, the Vitale Action was improperly removed and is remanded to state court.

## III.   Conclusion

Accordingly, Vitale's motion to dissolve the restraining order against the Vitale Action and to Stay the Limitation Action [09-cv-1176 (CFD) Dkt. # 11] is GRANTED and Vitale's motion to remand the Vitale Action to state court [09-cv-1132 (CFD) Dkt. #8] is GRANTED, and that action is remanded to the Connecticut Superior Court for the Judicial District of Stamford/Norwalk. Additionally, Longshore's motion for security for costs [09-cv-1176 (CFD) Dkt. #5] is GRANTED and Longshore is ordered to deposit $6000 with the Court.

SO ORDERED this 19th day of January 2010, at Hartford, Connecticut.


 /s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**